**Alis Andraniki ASLANYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72568.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.\*

Decided Dec. 12, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Garbis N. Etmekjian, Etmekjian Law Offices, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Office of Immigration Lit., U.S. Department of Justice, Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Alis Andraniki Aslanyan, a native of Syria and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals which summarily affirmed an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998), we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Aslanyan failed to establish past persecution or a well founded fear of future persecution. *See id.* at 969. The harassment and discrimination Aslanyan experienced in Armenia did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). The stabbing of her son by a drunk neighbor is not past persecution. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000). Additionally, because Aslanyan's daughter remains unharmed in Armenia, and because she did not show she was individually targeted for persecution in the face of the general, societal discrimination against people of Azeri or Middle Eastern descent, she failed to show she has a well-founded fear of future persecution. *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir.2005); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (applicant's

fear of persecution upon return is weakened when family members continue to live in the country without incident).

As Aslanyan is unable to meet the burden of proof for asylum, she necessarily fails to meet the higher burden of proof for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

